DAVID HYMAN
v.
SIGMUND COEN.

*Action to Recover for Goods Sold—Presumption—Question for Jury— Instructions.*

1. Where an inference of fact is to be drawn from facts in evidence, such inference is for the jury and not for the court.

2. Mere silence on the part of a debtor, when a bill is presented, can not be treated as a conclusive presumption that the amount of the bill is correct.

3. When the jury have been fairly instructed on the issue submitted, and the verdict is not manifestly against the evidence, this court will not interfere.

[Opinion filed June 28, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. ISAAC E. ADAMS, for appellant.

No brief filed for appellee.

MORAN, J.    This was an action of assumpsit brought in the Superior Court to recover for goods sold and delivered, by one

A. Goldsmith, to appellee. Goldsmith assigned the account to Edward N. Marks, who assigned to appellant. The claim was for certain diamond earrings and a gold watch. Appellee admitted an indebtedness of $455, but disputed the remainder of the amount claimed, and the jury returned a verdict for the amount which was admitted and no more. There was a direct conflict in the evidence as to the disputed items of the account, and the jury has settled that conflict in favor of appellee. We have examined the instructions which were requested to be given by the appellant in the court below and the refusal to give which is assigned for error here.

The court committed no error in refusing said instructions.

It is well settled that, where an inference of fact is to be drawn from facts in evidence, that such inference is for the jury and not for the court. In each of the refused instructions the jury were told in effect that they must find for the plaintiff, if the defendant, when the bill for the account was presented to him, did not dispute the correctness of the account. While silence as to the amount of a bill when presented may be a proper circumstance for the jury to consider in determining the question of fact as to whether the bill was correct, yet mere silence on his part, when a bill is presented to a debtor, can never be treated as giving rise to a conclusive presumption that the amount of the bill is correct. It would have been clear error for the court to have given the instructions as asked. The jury were fairly instructed on the issue submitted to them by instructions given for the plaintiff and the defendant, and when such is the case and the verdict is not manifestly against the evidence, this court is not authorized to reverse. We can not say that the verdict in this record is so manifestly against the evidence, or that the verdict is not supported by the evidence. There being no error, the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*